IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-02837-CNS-KAS
*Consolidated with 24-cv-00491-CNS*

JOHN SHEIL,

     Plaintiff,

v.

COMMISSIONER, Social Security Administration,

     Defendant.

---

**ORDER**

---

On May 11, 2026, the Court issued an order directing Plaintiff to show cause as to why this case "should not be dismissed for failure to prosecute." ECF No. 88. By that point, Plaintiff had received four extensions of time to file a response to Defendant's summary judgment motion, and yet had nonetheless missed his extended response deadline by one month. *See id.*

Plaintiff timely responded to the Court's show cause order, *see* ECF No. 89, and the Court declined to dismiss his case, *see* ECF No. 90. However, the Court made clear in its subsequent order that, although Plaintiff "adequately explained his delay and failure to meet the deadline for his response to Defendant's summary judgment motion," *id.*, the Court would provide no further extensions beyond June 9, 2026, for Plaintiff to file a

1

response to Defendant's pending summary judgment motion "absent truly extraordinary circumstances," *id.*

It is now June 24, 2026—over two weeks after the June 9, 2026, deadline that the Court set in its order. To date, Plaintiff has neither provided the Court with "truly extraordinary circumstances," *id.*, justifying his failure to file a response to Defendant's summary judgment motion, nor has he filed such a response. Accordingly—and, the Court repeats, after providing Plaintiff with essentially *five* extensions of time to file such a response—the Court DISMISSES WITH PREJUDICE this case due to Plaintiff's failure to prosecute.

## I.    DISCUSSION

The Court is empowered under the Local Rules of this judicial district and the Federal Rules of Civil Procedure to dismiss a case for a party's failure to prosecute. *See, e.g.,* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for . . . failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a [judge] may enter an order of dismissal with . . . prejudice."); *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Although the language of [Federal] Rule [of Civil Procedure] 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." (citation modified)). In determining whether dismissal for failure to prosecute is proper, the Court must consider certain factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the

2

judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citation modified). Consideration of these factors confirms that dismissal without prejudice is proper.

*First*, the actual degree of prejudice to Defendant is high. Defendant's summary judgment motion has been pending for over six months, *see* ECF No. 77, and Defendant has no sense of when or how this litigation is going to proceed based on Plaintiff's unexplained delay. *See Lucas v. W. Midstream Servs., LLC*, No. 1:23–cv–03085–CNS–NRN, 2024 WL 358099, at *2 (D. Colo. Jan. 31, 2024) (finding first factor favored dismissal where the defendant "continue[d] to experience delay and uncertainty in the resolution of the claims against it").

*Second*, there has been a high degree of interference with the judicial process. The Court has now been forced to issue a show cause order, *see* ECF No. 88, despite granting Plaintiff numerous extensions, grant Plaintiff's response to such an order, and yet await a corresponding response to the underlying summary judgment motion that has not yet been filed. Unnecessary and substantial judicial resources have been expended in this case. *See Washington v. Bennion*, No. 1:21–cv–03278–CNS–STV, 2023 WL 2072093, at *2 (D. Colo. Feb. 17, 2023); *Lucas*, 2024 WL 358099, at *2 ("[T]he amount of interference with the judicial process is significant, as Plaintiff has failed to comply with both filing deadlines and orders of this Court requiring communication from Plaintiff.").

*Third*, Plaintiff is solely responsible for his failure to prosecute. And although the Court is sensitive to the reasons provided in his response to the Court's show case order, *see generally* ECF No. 89, Plaintiff was responsible for—and has not—filed either an explanation for failing to meet the June 9, 2026, deadline, or an actual response to the summary judgment motion. *See id. See also Washington*, 2023 WL 2072093, at *2 ("[T]he case file demonstrates that [the plaintiff] is responsible for his own failure to prosecute."). Notably, the Court has even given Plaintiff the latitude of an additional *two weeks* to respond, or file anything on the docket at all, beyond the June 9 deadline, and yet he has failed to do so.

*Fourth*, the Court has plainly warned Plaintiff in its prior show cause order and in its May 27, 2026, order that failure to comply with the Court's orders or respond to Defendant's summary judgment order could result in dismissal of this case for failure to prosecute. *See* ECF No. 88 ("Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed for failure to prosecute."); ECF No. 90 ("This is the last extension the Court shall provide for Plaintiff's response absent truly extraordinary circumstances."). In sum, the Court has provided "ample warning," *Washington*, 2023 WL 2072093, at *2, to Plaintiff as to the consequences of his failure to comply with the Court's orders.

*Fifth*, there is no lesser sanction that would be appropriate under the circumstances. "It would be pointless to impose a financial sanction on [Plaintiff]," who has failed to file a response to the summary judgment motion despite numerous extensions and clear precautions from the Court as to the consequences for his failure to do so. *Allen v. United Props. & Const., Inc.*, No. 07–cv–00214–LTB–CBS, 2008 WL

4

4748511, at \*4 (D. Colo. Oct. 28, 2008). The Court reiterates that Plaintiff has also failed to respond at all to the Court's May 27, 2026, order—again, despite essentially an additional two weeks to do so—underscoring that dismissal with prejudice is the appropriate sanction. *See Lucas*, 2024 WL 358099, at \*2.

\* \* \*

The Court is sensitive to Plaintiff's circumstances as set forth in his response to the Court's prior show cause order. However, even as a pro se litigant, he is obligated to comply with court orders and prosecute his case. He has not done so. Therefore, and after considering the relevant factors, *see, e.g., Mobley*, 40 F.3d at 340, dismissal with prejudice of Plaintiff's case is proper.

## II.    CONCLUSION

Consistent with the above analysis, this case is DISMISSED WITH PREJUDICE. Defendant's motion for summary judgment, ECF No. 77, is DENIED AS MOOT.

DATED this 24th day of June 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

5