IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-02837-CNS-KAS

JOHN SHEIL,

Plaintiff,

v.

Commissioner, Social Security Administration,

Defendant.

---

**ORDER**

---

Before the Court is Plaintiff's Motion to Alter or Amend Judgment and to Reopen Case Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). ECF No. 93. The motion is fully briefed. *See, e.g.,* 96. For the reasons set forth below, the Court DENIES Plaintiff's motion.

By way of background, on May 11, 2026, the Court issued an order directing Plaintiff to show cause as to why this case "should not be dismissed for failure to prosecute." ECF No. 88. By that point, Plaintiff had received four extensions of time to file a response to Defendant's summary judgment motion, and yet had nonetheless missed his extended deadline by one month. *See* ECF No. 91 at 1. Plaintiff timely responded to the Court's show cause order, *see* ECF No. 89, and the Court made clear in its subsequent order that, although Plaintiff "adequately explained his delay and failure to

meet the deadline for his response to Defendant's summary judgment motion," ECF No. 90, that the Court would provide no further extensions beyond June 9, 2026, for Plaintiff to file a response to Defendant's pending summary judgment motion "absent truly extraordinary circumstances," *id.*

On June 24, 2026—over two weeks after the June 9, 2026 deadline that the Court set in its order—the Court dismissed Plaintiff's case for failure to prosecute. *See generally* ECF No. 91. In doing so, the Court concluded, at the time of its June 24, 2026, order, that "Plaintiff ha[d] neither provided the Court with 'truly extraordinary circumstances' justifying his failure to file a response to Defendant's summary judgment motion, nor ha[d] he filed such a response." ECF No. 91 at 2. The Court further observed that Plaintiff failed to do so after the Court "provid[ed] Plaintiff with essentially *five* extensions of time to file such a response." *Id.*

Turning now to Plaintiff's motion, tellingly Plaintiff states in his own motion that the "June 9 deadline passed and in the fifteen days that followed, Plaintiff did not contact the Court. He has no excuses for his silence." ECF No. 93 at 1; *see also id.* ("He should have reached out. He did not. He owns that."). Plaintiff elaborates that his untimeliness was due to his efforts to "finish the brief," *id.*, as well as that he needed to "hunt down" various documents, *id.* at 2. He further excuses his untimeliness on the grounds that he is not a litigator and "does not have access to research tools." *Id.* at 3.

These admissions demonstrate why denial of Plaintiff's motion is proper. Under Rule 59(e), a Court may amend a judgment where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct

clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). *See also Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) ("Rule 59(e) motions may be granted when 'the court has misapprehended the facts, a party's position, or the controlling law." (citation modified)). Plaintiff does not demonstrate that any of these three circumstances are present here. He identifies no intervening change in law. And while Plaintiff argues he needed to "hunt down" documents, ECF No. 93 at 1, this does not demonstrate that there is evidence that was previously *unavailable* when the Court issued its prior order—indeed, Defendant observes that Plaintiff had months to review discovery in this case, and could have sought additional discovery at that time, rather than provide this justification in seeking post-judgment relief under Rule 59(e). *See* ECF No. 96 at 6. So too has Plaintiff, himself an attorney, failed to show clear error or any manifest injustice that can only be avoided by granting relief under Rule 59(e). *See also Witt v. Colorado*, No. 1:22–cv–02242–CNS–NRN, 2023 WL 11969286, at *2 (D. Colo. Apr. 28, 2023) (concluding plaintiff failed to demonstrate "clear error or manifest injustice" where plaintiff, among other things, "did not heed the Court's precautions"); *Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 624 (10th Cir. 2018) (reiterating that attorneys representing themselves are not entitled to "benefits of liberal construction to *pro se* [filings]" (citation modified)).

Fundamentally, while the Court appreciates Plaintiff's acknowledgment of his mistakes in failing to prosecute—and is sensitive to the underlying difficulties that Plaintiff has put forward as excuses for his failure to prosecute—the Court agrees with Defendant that he has not shown that the Court's judgment gives rise to any manifest injustice that

demands correcting it. *See Hill v. Ciolli*, No. 1:23–cv–02539–CNS–KAS, 2025 WL 4481359, at *3 (D. Colo. June 17, 2025) (denying Rule 59(e) motion where plaintiff "identified no 'manifest injustice' in the Court's judgment that Rule 59(e) relief is required 'to correct'" (citation modified)); ECF No. 96 at 5. The argument that not hearing the case "on its merits," ECF No. 93 at 4, is equivalent to manifest injustice fails to persuade. *See, e.g., Mayfield v. Morris*, No. 17–0891 MV/SMV, 2020 WL 3832962, at *2 (D.N.M. July 8, 2020) (observing that "manifest injustice" is defined "as more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law" (citation modified)). Particularly in light of the public's interest in the finality of the Court's judgment. *See Nelson*, 921 F.3d at 929; ECF No. 96 at 4. Moreover, as Defendant observes, general disagreement with the Court's decision to enter judgment is not a basis for securing relief under Rule 59(e). *See* ECF No. 96 at 5 (citing *Witt*, 2023 WL 11969286, at *2). *Cf.* ECF No. 97 at 1 (arguing in reply that the Court erred in its prior analysis of relevant factors in determining that case should be dismissed).

Turning to Plaintiff's request for relief under Rule 60(b)(1), he again fails to persuade that he is entitled to relief. Under the Rule, a court may relieve a party of a judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Courts analyze four factors when determining whether Rule 60(b)(1) provides relief from a judgment on account of excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential effect on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Mayfield*, 2020 WL 3832962, at

*3 (citation modified). "[F]ault in the delay remains a very important factor—perhaps the most important factor—in determining whether neglect is excusable." *Id.* (citation modified).

Plaintiff argues that he is entitled to Rule 60(b)(1) relief because he proceeds *pro se*, this case falls "outside of his practice area," he lacks research tools, and because he faces a voluminous record. ECF No. 93 at 4. But these do not satisfy Rule 60(b)(1). Indeed, even presuming that these statements are true, they have "not prevented [him] from meeting any previous filing deadlines." *Smith v. Via Christi & Assocs.*, No. 17–1270–JWB, 2018 WL 4052204, at *2 (D. Kan. Aug. 24, 2018). And considering the relevant factors, *see Mayfield*, 2020 WL 3832962, at *3, the Court has addressed them in its prior order, *see generally* ECF No. 91, and adopts that reasoning here. *See also* ECF No. 96 at 7. But to reiterate: *first*, Defendant has faced a high degree of prejudice due to Plaintiff's failure to prosecute; *second*, this delay has materially and adversely affected the judicial process and proceedings, given that the Court was forced to issue a show cause order—and now this order—in light of Plaintiff's failures to meet deadlines and prosecute this case; *third*, Plaintiff is solely responsible for his failure to prosecute; and *fourth*, the Court repeatedly informed Plaintiff of the consequences for his failure to prosecute.

This is not an instance—contrary to Plaintiff's suggestion, *see* ECF No. 97 at 4—where the Court bases its decisions on a "general exasperation with the actions and omissions" of Plaintiff. *Jennings v. Rivers*, 394 F.3d 850, 858 (10th Cir. 2005). Instead, the Court premises its analysis on the factors it must consider. And consideration of those factors, for substantially the same reasons set forth in the Court's prior order, show that

Defendant has faced prejudice due to Plaintiff's conduct, that the length of delays has materially affected the judicial process, and Plaintiff has put forth no reason justifying the delay. Thus, even assuming that Plaintiff has acted in good faith, he is not entitled to relief when—at a minimum—three of four factors weigh against him.

Again, the Court is sensitive to Plaintiff's circumstances outlined in his motion and reply. *See* ECF No. 97 at 5. But *as he admits* the fault for the delay is his own. *Mayfield*, 2020 WL 3832962, at *3. *See also* ECF No. 93 at 1 ("He should have reached out. He did not. He owns that."); *Smith*, 2018 WL 4052204, at *2 (D. Kan. Aug. 24, 2018); *Carr v. Remington Arms Co., LLC*, No. CIV–16–1153–SLP, 2019 WL 13073641, at *5 (W.D. Okla. Feb. 22, 2019), *aff'd*, No. 19-6046, 2021 WL 4520050 (10th Cir. Oct. 4, 2021) ("When a party is warned by the Court of a deadline by which it must act to preserve its case and it fails to perform any guard against missing the event—which is a matter of public record—triggering the required action, the neglect is not excusable."). The Court notes that the Tenth Circuit has affirmed denial of a Rule 60(b) motion against a substantially similar factual background, bolstering the Court's conclusion that Plaintiff has failed to meet his burden under Rule 60(b)(1). *Ghamrawi v. Case & Assocs. Props. Inc.*, 116 F. App'x 206, 210 (10th Cir. 2004) ("The court had already generously allowed numerous extensions of time, and plaintiff's counsel's failure to respond by the final deadline was not due to any excusable neglect; she knew of the need to respond, but simply disregarded the deadline because of her workload.").

Finally, turning to Plaintiff's Rule 60(b)(6) arguments, these are likewise unpersuasive. Rule 60(b)(6) provides that a court may relieve a party from final judgment,

order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 6)(b)(6). "Relief under Rule 60(b)(6) is appropriate when circumstances are so unusual or compelling that extraordinary relief is warranted or when it offends justice to deny such relief." *Mbaku v. Bank of Am., Nat'l Ass'n*, No. 12–cv–00190–PAB–KLM, 2014 WL 3906463, at *1 (D. Colo. Aug. 11, 2014), *aff'd sub nom. Mbaku v. Bank of Am., Nat. Ass'n*, 628 F. App'x 968 (10th Cir. 2015). Plaintiff argues that his *pro se* status, the complexity of the case, and the voluminous record constitute "extraordinary circumstances" for Rule 60(b)(6) purposes. ECF No. 91 at 4. But there is nothing "unusual or compelling" about these facts that shows "extraordinary relief is warranted or that it would offend justice to deny such relief." *Blake v. Bos*, No. 21–3176–SAC, 2022 WL 1288473, at *2 (D. Kan. Apr. 29, 2022) (citation modified). *See also Sundance Servs., Inc. v. Roach*, No. CV 10–110 JP/CEG, 2010 WL 11623521, at *4 (D.N.M. May 17, 2010) (defining "extraordinary circumstance" under Rule 60(b)(6) as one where "after entry of judgment, events *not contemplated* by the moving party render enforcement of the judgment inequitable" (citation modified)); *Cheavens v. Pub. Serv. Corp. of Colorado*, No. 14–cv–3374-WJM–KMT, 2016 WL 8469747, at *4 (D. Colo. Oct. 4, 2016) (observing that plaintiff was not entitled to Rule 60(b)(6) relief where he chose not to "bring a motion for leave to amend [or] remedy his pleadings prior to judgment" because these were "tactical decision[s] freely made" by plaintiff, and "Rule 60(b)(6) is not intended to be used to relieve parties from their deliberate choices").

Therefore, Plaintiff's request for relief under Rule 60(b)(6) is denied.

* * *

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Alter or Amend Judgment and to Reopen Case Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), ECF No. 93. Because the Court denies Plaintiff's motion, Plaintiff's Motion for Leave to File Overlength Response to Defendant's Motion for Summary Judgment, ECF No. 95, is DENIED AS MOOT.

DATED this 9th day of September 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge